**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MACKENZIE RIDENOUR,<br><br>Plaintiff,<br><br>v.<br><br>COLECTIVO COFFEE ROASTERS, INC.,<br><br>Defendant. | No. 25 CV 2040<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

For about a year and a half, Mackenzie Ridenour worked as a Shift Manager at a coffee shop owned and operated by Colectivo Coffee Roasters. Throughout that time, she claims to have witnessed pervasive sexual harassment by customers and management against young female employees. Despite repeatedly raising issues with her superiors and Colectivo Human Resources, she alleges that nothing was done to address the hostile work environment. Instead, she was terminated in January 2025 for insubordination after she assisted a coworker with filing an incident report. She now sues Colectivo under state and federal law for sex discrimination, sexual harassment and retaliation. Colectivo moves to dismiss her complaint for failure to state a claim. For the reasons below, Colectivo's motion is granted in part and denied in part.

## I. Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). While a plaintiff does not need to make detailed factual allegations, she must provide "more than mere

'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Wertymer v. Walmart, Inc.*, 142 F.4th 491 (7th Cir. 2025) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). I assume that a complaint's well-pleaded factual allegations, but not its legal conclusions, are true. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter," to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II. Background

In 2023, Mackenzie Rienour began working as a Shift Manager for Colectivo Coffee Roasters. [21] ¶ 13.[1] Throughout 2024, Ridenour, who is female, witnessed numerous instances of sexual harassment in her work environment. [21] ¶ 14. One coworker was repeatedly harassed by a customer until that customer was banned from the store. [21] ¶¶ 17–35. Several other coworkers, all female, confided in Ridenour that they felt uncomfortable with the Store Manager's conduct. [21] ¶ 37.

Ridenour raised these concerns with Colectivo Human Resources, but no changes were made. [21] ¶¶ 38–44. She felt that all female employees were at risk of harassment if she was not present. [21]. ¶ 46. Ridenour attempted to stand up for her female coworkers and assisted some in filing incident reports alleging harassment. [21] ¶¶ 47–50. When Ridenour had another meeting with Colectivo Human

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the first amended complaint, [21].

Resources, she was told to "care less" and "stop reporting concerns." [21] ¶¶ 56–57. She was also instructed to stop training young female employees on how to report sexual harassment, and to "keep her head down." [21] ¶ 59. Male managers were also told to keep their heads down but not to stop caring or bringing up issues at work. [21] ¶¶ 60–61.

On December 29, 2024, Ridenour stayed late to help a coworker file an incident report. [21] ¶ 78. On January 6, 2025, Ridenour was terminated. [21] ¶ 78. She was told that the cause for her termination was closing the store late in direct defiance of the prior order to stop reporting sexual harassment. [21] ¶¶ 78–84. Male managers who submitted reports detailing sexual harassment were not terminated. [21] ¶ 85.

On January 29, 2025, Ridenour filed a charge of discrimination with the Equal Employment Opportunity Commission and Illinois Department of Human Rights. [21-1]. On February 24, the EEOC issued Ridenour a Notice of Right to Sue. [21-2]. On February 27, Ridenour filed this suit in federal court against Colectivo. [1]. On April 28, Colectivo filed a motion to dismiss the complaint for failure to state a claim. [14]. On May 6, the Illinois Department of Human Rights dismissed and closed Ridenour's charge. [21-3]. On June 3, Ridenour filed the now-operative first amended complaint. [21]. Colectivo subsequently moved to dismiss once again. [22].

## III. Analysis

Ridenour asserts five claims in her complaint—two for sex-based discrimination, two for sexual harassment, and one for retaliation—under the Illinois

Human Rights Act and Title VII of the Civil Rights Act of 1964.[2] Illinois Human Rights Act and Title VII claims are assessed under nearly identical standards, so the five collapse into three for the purposes of this motion to dismiss. *Rongere v. City of Rockford*, 99 F.4th 1095, 1102 (7th Cir. 2024).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Title VII generally covers two types of employment discrimination: so-called discrete acts of discrimination, such as 'termination, failure to promote, denial of transfer, or refusal to hire,' and acts that create a hostile workplace, which 'are different in kind from discrete acts,' and do not require tangible adverse employment actions." *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010) (citations omitted) (quoting *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002)). Ridenour brings claims for both. [21] ¶¶ 95–128.

"A complaint alleging sex discrimination under Title VII 'need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.'" *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). This is

---

[2] This court has federal question jurisdiction over the Title VII claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the Illinois Human Rights Act claims under 28 U.S.C. § 1367.

not a high bar. "A termination is of course a materially adverse employment action."[3] *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015). Ridenour "does not need to identify … a similarly situated employee who managed to avoid termination." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). But her complaint must contain "factual allegations directly or indirectly connecting the termination with her" sex. *Id.* at 776. A complaint makes such a connection when it alleges facts sufficient to support a reasonable inference "that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013).

While Ridenour's complaint is light on allegations connecting any adverse employment actions against her to her sex, making all inferences in her favor, it contains enough to survive a motion to dismiss. Ridenour was told to "care less" and "stop reporting concerns" while male managers were not.[4] [21] ¶¶ 57–61. Then, after she helped a co-worker file an incident report, she was terminated. [21] ¶ 78. Another manager—a male who was not told to stop reporting sexual harassment—was not terminated after he submitted similar reports detailing sexual harassment. [21] ¶ 85.

---

[3] The complaint mentions that Ridenour had her hours reduced in 2024. [21] ¶ 75. "[A] reduction in hours could be an adverse action giving rise to liability." *Hill v. Potter*, 625 F.3d 998, 1001 (7th Cir. 2010). However, the complaint says that Ridenour "was told that all leadership had their hours reduced," and she does not refute that fact. [21] ¶ 76. As alleged, the hour reduction was not based on sex. Any sex-discrimination claim based on reduced hours is dismissed.

[4] Once Ridenour needs to support her claims with evidence, it may turn out that the other managers were not "similarly situated" employees. At this early stage, however, the allegation of differential treatment is a fact supporting her claim of discrimination.

Without reaching the issue of whether refusing to follow an order to stop reporting sexual harassment could constitute insubordination at all, giving that order to a female employee, but not male employees, supports a reasonable inference that the later termination was motivated, at least in part, by sex.

That the complaint alleges Ridenour was terminated for insubordination—a reason it also calls pretextual—does not plead Ridenour out of court. The insubordination rationale does not exclude sex as a motivating factor for the termination decision, and that is all Title VII requires. *See* 42 U.S.C. § 2000e-2(m); *Nassar*, 570 U.S. at 360. The complaint states a claim for sex discrimination.[5]

To state a claim for sexual harassment, Ridenour must allege facts sufficient to support a plausible inference "that (1) she endured unwelcome sexual harassment; (2) she was harassed because of her sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017).

As pled, the complaint contains no factual allegations that Ridenour endured unwelcome sexual harassment. *See* [21]. The complaint contains numerous allegations of harassment experienced by other female employees, [21] ¶¶ 17–22, 41,

[5] The complaint makes two conclusory references to discrimination based on Ridenour's sexual orientation, [21] ¶¶ 99–100, but includes no factual allegations about discrimination based on sexual orientation, or even what Ridenour's sexual orientation is. Discrimination based on sexual orientation is sex discrimination under Title VII. *Bostock v. Clayton County, Georgia*, 590 U.S. 644 (2020). But to the extent the sex discrimination claims are based on sexual orientation, they are dismissed because the complaint does not tie any adverse action to sexual orientation.

49–53, 64, 76, but none directed at Ridenour. To the extent that Ridenour alleges she was uncomfortable in the work environment, it was because she felt responsible for protecting other employees from harassment, not because she was being harassed. [21] ¶¶ 45–47. She does not state a claim for sexual harassment. These issues were raised in Colectivo's first motion to dismiss, [14] ¶ 5, but Ridenour did not cure them with her first amended complaint. Since she already had an opportunity to amend with notice of the defect, further amendment would be futile and the sexual harassment claims are dismissed with prejudice.

In addition to outlawing discrimination based on a protected characteristic, Title VII also prohibits retaliation against an employee because she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under any of its provisions. 42 U.S.C. § 2000e-3(a). To state a claim for retaliation under Title VII, a plaintiff must include allegations of "(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019) (quoting *Volling*, 840 F.3d at 383). "Protected activity" occurs whenever the employee takes "some step in opposition to a form of discrimination that the statute prohibits." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 631 (7th Cir. 2011). Unlike the motivating-factor standard for stating a sex discrimination claim, "retaliation claims must be proved according to traditional principles of but-for causation." *Nassar*, 570 U.S. at 360.

The retaliation claim is amply supported by the allegations in the complaint. Assisting another employee with filing a sexual harassment incident report is a step in opposition to a form of discrimination prohibited by statute. [21] ¶ 78. Ridenour's termination was a materially adverse employment action. *Castro*, 786 F.3d at 564. Firing Ridenour only one week later—and allegedly telling her that she was fired for reporting sexual harassment after being told not to—establishes the requisite causal connection.

## IV. Conclusion

Colectivo's motion to dismiss, [22], is granted in part and denied in part. The sexual harassment claims, Counts III and IV of the complaint, are dismissed with prejudice. The motion to dismiss is denied with respect to Counts I, II, and V. The sex-discrimination and retaliation claims based on Ridenour's termination survive.

ENTER:

Manish S. Shah
United States District Judge

Date: October 15, 2025